## Robert E. Elliott v. The People.

*Detroit House of Correction — imprisonment in.* — Under the act establishing the Detroit House of Correction (*Laws of* 1861, *p.* 268,) no Court or magistrate has any power to sentence to imprisonment therein for any offence except those punishable by imprisonment in the county jail.

*And one* who has been convicted of an offence punishable by imprisonment in the county jail or State prison, in the discretion of the Court, cannot be imprisoned in the House of Correction for a longer period than would have been lawful in the county jail.

*Excess of authority in sentence of prisoner — the effect.* — Where the sentence imposed by the Court upon a prisoner is an excess of authority, and therefore unlawful, this Court cannot substitute for such sentence a lawful one; and if there is no error except in the judgment, there can be no new trial, nor can the Court below give a second judgment: hence, the prisoner must be discharged.

*Heard May* 12.    *Decided July* 8.

Error to the Recorder's Court of Detroit.

*G. V. N. Lothrop,* for plaintiff in error.

*A. Williams,* Attorney General, for the People.

CAMPBELL J.:

Plaintiff in error was convicted in the Recorder's Court of Detroit on an information for embezzlement, and was sentenced to the Detroit House of Correction for two years. He now alleges for error that no sentence could lawfully be given requiring him to be confined in that prison more than one year, and that a longer sentence must be only to the State Prison. The statute punishing the offence provides for imprisonment in the State Prison not more than five years, or in the County Jail not more than one year, with a fine. — 2 *C. L.,* §5762, §5773.

By Section 16 of the Act establishing the Detroit House of Correction, (*L.* 1861, *p.* 268,) it is provided that after the House is completed, and its completion certified, " it shall be the duty of every court or magistrate in the said County of Wayne, *authorized by law,*

to sentence or commit any person to the county jail of said county, as vagrants, common drunkards, disorderly persons, common prostitutes, or for assault and battery, petit larceny, *or other offences punishable by imprisonment in the county jail, or by virtue of any final sentence of conviction, except for contempt,* to sentence such person to be confined in the said House of Correction," &c.

The power of commitment is by this language to be exercised only by Courts, &c., authorized *to commit any person to the county jail for the specified offences, or by virtue of any final sentence.* It would be a violation of the language to include any case not punishable by imprisonment in that jail; and it is plain, from other sections of the statute, that for State prison offences the House of Correction can only be used under some arrangement with the State prison inspectors, whereby, for the punishment of offences less than treason or murder, it may become a substituted prison for young offenders. (See *Section* 11, *p.* 266.) For offences in Wayne County, it is made, by the statute first cited, a substitute for the county jail, (so far as that section extends,) and no more.

The question, then, arises, whether, in case an offence may be punished by imprisonment in the *county jail* or State prison, in the discretion of the Court, the offender may be imprisoned in the House of Correction for a longer term than was allowed in the county jail, but within the term allowed in the State prison. We think that no imprisonment can be lawful under such a sentence, which would not have been lawful in the county jail. This is the view taken of a similar statute in *Shepherd v. the Commonwealth,* 2 *Metc.* 419. It was said in that case that "when the power is conferred on the Court to sentence either to the State prison or common jail, and they do not sentence to the State prison, we are to presume that in their judgment the actual offence

was such as ought not to be punished by imprisonment in the State prison, and that they intend to adopt the other alternative. Such being the case, if they think fit to substitute the House of Correction instead of the common jail as the place of punishment, the term of time cannot exceed what it would be if the commitment were to the common jail." We think this is the correct view of the statute; and that when the House of Correction is made the place of imprisonment for county jail offences, it must be treated as if it were itself, to that extent, the county jail. We think, therefore, that the sentence for more than one year was unauthorized and invalid. Being an excess of authority, and therefore an unlawful sentence, we cannot substitute for it another sentence which the Court below might have given, but did not give in fact. *Rex v. Ellis,* 5 *B. & C.,* 395; *Rex v. Bourne,* 7 *Ad. & El.,* 58; *Shepherd v. Commonwealth, supra.* There being no error except in the judgment, there can be no new trial, and the Court below cannot give a second judgment. The judgment must therefore be reversed, and the prisoner discharged.

COOLEY and CHRISTIANCY JJ. concurred.

MARTIN Ch. J. did not sit in this case.