FRANK DORSEY v. THE PEOPLE.

*Detroit House of Correction—Comp. L., § 8155.*

No court outside of Wayne county can sentence persons convicted of State prison offenses to the Detroit House of Correction until the State prison inspectors have contracted for their confinement and maintenance therein.

It is discretionary with the State prison inspectors whether they shall contract with the city of Detroit for the confinement and maintenance of convicts in the Detroit House of Correction as authorized by Comp. L., § 8155.

Error to Calhoun. Submitted Oct. 2. Decided Oct. 18.

LARCENY from a dwelling. The facts are in the opinion.

*Maybury & Conely* for plaintiffs in error cited Comp. L., p. 2081; act 93 of 1875; Comp. L., p. 2221: act 164 of 1861, §§ 8, 9 and 11.

Attorney General *Otto Kirchner* for The People.

MARSTON, J. The respondent, in the circuit court for the county of Calhoun, was, upon his own confession, duly convicted of the crime of larceny from a dwelling house in the day time, and was sentenced to be committed to the Detroit House of Correction for the period of nine months. At the time of his conviction and sentence no contract had been entered into between the inspectors of the State prison and the city of Detroit for the confinement and maintenance in the Detroit House of Correction, of persons convicted of offenses punishable by imprisonment in the State Prison, as required by § 8155 of the Compiled Laws.

The Legislature, by the section referred to, has conferred upon the inspectors of the State Prison power to contract with the city of Detroit for the confinement and maintenance of a certain class of convicted persons in the Detroit House of Correction, and until the power is exercised by them and a contract entered into, there is no authority

whatever for sentencing such convicts to be confined therein. It is discretionary with the inspectors whether they shall make such a contract or not, and the Legislature has not conferred the power upon any court to compel them to enter into such a contract, by sentencing convicts to be confined therein before such a contract has been made. . The compensation to be paid for such confinement and maintenance is not to exceed a certain sum per week, and the inspectors may contract and agree to pay any amount less than the sum so fixed. If courts can, before the contract is entered into and the price fixed, sentence parties to be confined therein, it is evident that the inspectors might not be able to make as advantageous an agreement as they otherwise might have done. Besides, in their opinion there might be no necessity for entering into such an agreement, and if left to their own judgment and discretion they would not, but because of the sentence they are compelled to enter into an agreement contrary to their best judgment, and one which otherwise they would not have entered into. *Elliott v. The People,* 13 Mich., 366. We are of opinion that the circuit court for the county of Calhoun had no authority to sentence the respondent to confinement in the Detroit House of Correction, and that the judgment must be reversed and the prisoner discharged.

In the above opinion we do not presume that a contract was not entered into. It was conceded upon the argument by the Attorney General that no such contract had been entered into and that the pleadings admitted this fact.

The other Justices concurred.