WALTER WESLEY v. THE PEOPLE—GEORGE DUPONT v. THE PEOPLE.

*Detroit House of Correction—Comp. L., §§ 8155, 8160.*

The recorder's court of Detroit can sentence to the House of Correction convicts that are punishable by imprisonment in the State Prison or in the county jail. Comp. L., § 8160.

The Detroit House of Correction is the place of imprisonment for county jail offenses committed in Wayne county, and no such contract is necessary as is required by Comp. L., § 8155 before offenders from other counties can be confined there.

Error to the Recorder's Court of Detroit. Submitted October 2. Decided October 18.

GRAND LARCENY, AND BURGLARY AND LARCENY. The facts are in the opinion.

*Maybury & Conely* for plaintiffs in error cited Comp. L., p. 2081; act 55 of 1857; act 164 of 1861, §§ 8–11, 16, 17: Comp. L., p. 2221; act 131 of 1867: Comp. L., p. 2228; 3 Sess. L. 1869, p. 1686; act 486, ch. 5, sec. 22, subd. 60, 61; *Detroit v. Laughna*, 34 Mich., 402; act 145 of 1869; *Elliott v. People*, 13 Mich., 365. Error in the judgment discharges the convict. *Crippen v. People*, 8 Mich., 117; *Wright v. The People*, 33 Mich., 300.

Attorney General *Otto Kirchner* for The People.

MARSTON, J. The essential facts in these cases being alike, they were heard together, and may be disposed of in the same manner. The respondents were each convicted in the recorder's court of the city of Detroit of an offense punishable by imprisonment in the State prison or in the county jail, and were · by the recorder, sentenced to the Detroit House of Correction.

Without attempting to review all the legislation pertaining or referring to the Detroit House of Correction which

may be found in the charter of the city of Detroit, we are of opinion that section 8160 of the Compiled Laws clearly authorizes the recorder to sentence such convicts to the House of Correction, and that no contract is necessary such as is required by section 8155 of Compiled Laws. As to the county of Wayne, the House of Correction is made the place of imprisonment for county jail offenses, and must be treated to that extent as if it were the county jail. Such was the ruling of this court in *Elliott v. The People*, 13 Mich., 365.

We discover no error in the record, and the judgment in each case must be affirmed.

The other Justices concurred.