THE CITY OF DETROIT, RELATOR v. THE BOARD OF AUDITORS OF WAYNE COUNTY.

*Detroit House of Correction—Maintenance of Convicts.*

The maintenance of prisoners sentenced by the Recorder of Detroit to the Detroit House of Correction is a proper charge against Wayne county, even though no contract has been made for their support; and the county auditors must audit claims therefor at reasonable rates.

MANDAMUS. Submitted January 23. Granted April 7.

*Alfred Russell* for relator. Mandamus is the proper mode of compelling the allowance of a claim by the board of supervisors, if the county is liable for it, *Bristow v. Supervisors* 3 Mich. 475; the House of Correction of Detroit is not subject to the control of the city, *Detroit v. Laughna* 34 Mich. 402, and as to the county of Wayne it is simply a substitute for the county jail, *Elliott v. People* 13 Mich. 365; the expense of keeping prisoners in a county jail shall be paid by the county itself, Comp. L. § 2195.

43 MICH.—22.

*Cornelius J. Reilly* for respondent. The Legislature cannot create a debt from one person or corporation to another without the consent of the person to be charged with it, *Hampshire v. Franklin* 16 Mass. 83; *Sharpless v. Mayor* 21 Penn. St. 165; *McCagg v. Mayor* 51 Ill. 17; *People v. Hurlbut* 24 Mich. 44.

MARSTON, C. J. In *Wesley v. People* and *Dupont v. People* 37 Mich. 384, it was held that the House of Correction must for certain offenses be treated as if it were the jail of Wayne county, and that the Recorder of the city of Detroit had authority to sentence convicts to the House of Correction, and that no contract was necessary with the county as a condition precedent to such right.

The legislation relating to this subject in no way interferes with the right of the board of auditors of Wayne county to adjust claims against their county, or places that county in this respect upon a footing essentially different from other counties in the State.

The Legislature would seem to have the undoubted right to prescribe where parties convicted of crime should be confined. In reference to the Detroit House of Correction it is left optional with the board of supervisors of the several counties except Wayne to enter into contracts for the keeping of certain of their convicts, and upon such contracts being made, prisoners are to be confined in the House of Correction. No such contract is required in the first instance with Wayne county. The statute directs that prisoners shall be sentenced to that institution, and contemplated that the compensation therefor shall be determined, not by a contract, but upon the rendition of the account thereafter. The Superintendent of the House of Correction cannot claim and insist upon any rate of compensation he may deem proper, nor could the board of auditors practically annul the legislation by declining to audit such claims or by auditing them at a sum far below what would be right

and proper. The Legislature has thought proper to create the liability, leaving it with the auditors to fix and adjust the compensation, and this in the light of the contracts made with other counties would seem to be a very simple matter indeed. This places Wayne county substantially on the same footing with other counties in the State, and leaves no room for complaint.

The writ must issue as prayed for.

The other Justices concurred.