WILLIAMSON v JONES

Docket No. 65018. Submitted February 14, 1983, at Detroit.—Decided
    May 3, 1983.

Mary and Larry Williamson, personal representatives of the
    estate of Clifton G. Williamson, deceased, and Mary William-
    son, individually, brought suit in Oakland Circuit Court against
    Lyn Jones, Henry Bareiss, Janet Waymaster, and Vickie
    Welch. Clifton Williamson, a mildly retarded minor who suf-
    fered from epilepsy, allegedly drowned while a patient at the
    Fairlane Center, a juvenile mental health facility administered
    and operated by the state. The defendants were employees of
    Fairlane Center. The court, George H. LaPlata, J., granted
    summary judgments for the defendants, finding that the plain-
    tiffs had failed to state a claim upon which relief could be
    granted because of governmental immunity. The plaintiffs ap-
    pealed. *Held:*

    The trial court properly granted summary judgment for the
    defendants. The plaintiffs failed to allege sufficient facts to
    avoid the claim of governmental immunity as to each defen-
    dant. Under the scope of employment test, a plaintiff must
    plead that a defendant's acts were *ultra vires* or outside the
    scope of his employment to avoid the defense of governmental
    immunity.

    Affirmed.

1. JUDGMENTS — SUMMARY JUDGMENT — MOTIONS — FAILURE TO
    STATE CLAIM — PLEADINGS — GOVERNMENTAL IMMUNITY.

    The Court of Appeals, on review of a motion for summary
    judgment on the ground that the opposing party has failed to
    state a claim upon which relief can be granted, accepts as true

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 310,
    311.

[1, 4] 61A Am Jur 2d, Pleading § 230 *et seq.*

[2] 40 Am Jur 2d, Hospitals and Asylums § 20.
    Immunity from liability for damages in tort of state or governmen-
    tal unit or agency in operating hospital. 25 ALR2d 203.

[3] 63 Am Jur 2d, Public Officers and Employees §§ 288, 304.

all of the nonmoving party's factual allegations as well as any conclusions which can reasonably be drawn therefrom and determines whether the nonmoving party's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery; where immunity from suit is an issue, the complaint must plead facts in avoidance of immunity (GCR 1963, 117.2[1]).

2. GOVERNMENTAL IMMUNITY — MENTAL HEALTH FACILITIES — GOVERNMENTAL FUNCTIONS.

The operation of a public mental health facility specifically designed to care for the needs of juveniles is a governmental function within the meaning of the governmental immunity statute (MCL 691.1407; MSA 3.996[107]).

3. NEGLIGENCE — TORTS — GOVERNMENTAL IMMUNITY.

The proper test for determination of whether a government employee is protected by governmental immunity from tort liability is whether the employee was acting within the scope of his employment when committing the allegedly tortious act; if so, he cannot be held liable (MCL 691.1407; MSA 3.996[107]).

4. JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM.

A motion for summary judgment based on failure to state a claim upon which relief can be granted challenges the legal sufficiency of the pleadings and the sufficiency of the complaint should be evaluated with reference to the context of the complaint alone (GCR 1963, 117.2[1]).

*Schmidt, Raguso & Isgrigg* (by *Thomas Raguso*), for plaintiffs.

*Conlin, Conlin, McKenney & Philbrick* (by *Allen J. Philbrick*), for defendant Jones.

*Sterling, Schilling & Thorburn* (by *J. Robert Sterling*), for defendant Bareiss.

*Romain, Donofrio & Kuck, P.C.* (by *Pat M. Donofrio*), and *Joselyn, Rowe, Jamieson, Grinnan, Callahan & Hayes, P.C.* (by *Jeanne Stempian*), for defendant Waymaster.

*Frank J. Kelley*, Attorney General, *Louis J.*

*Caruso,* Solicitor General, and *Luis F. Fernandez,* Assistant Attorney General, for defendant Welch.

Before: J. H. GILLIS, P.J., and D. E. HOLBROOK, JR., and GRIBBS, JJ.

D. E. HOLBROOK, JR., J. This action was brought by plaintiffs Mary and Larry Williamson, as personal representatives of the estate of Clifton George Williamson, deceased. The decedent was a resident of the Fairlane Center, a juvenile mental health facility administered and operated by the State of Michigan in Oakland County. He was 17 years of age, mildly retarded, and suffered from epilepsy.

On or about September 13, 1981, decedent allegedly drowned while taking a tub bath. Defendant Henry Bareiss, a "child care worker", had admitted the decedent to the shower/bathroom area at approximately 9 a.m. after the decedent had asked to take a shower. Thereafter, defendant Lyn Jones, employed as a "staff nurse" in Meadowview 3, directed defendant Bareiss to attend to a disturbance by another resident down the hall. Defendant Jones remained at the nurses' station directly across from the entrance to the shower/bath area where decedent had entered. Defendant Janet Waymaster was employed as "head nurse" of Meadowview 3. Defendant Vickie Welch was employed as "head nurse" of Meadowview 5.

At approximately 9:30 a.m. plaintiff Mary Williamson arrived at Meadowview 3 and asked for her son. Defendant Bareiss informed Mrs. Williamson that decedent was taking a shower. Bareiss proceeded to the shower to check on decedent.

Defendant Bareiss then found that decedent had not, in fact, taken a shower but had proceeded to

take a tub bath and had apparently suffered a seizure, causing his death by drowning.

Each defendant brought a motion for summary judgment based on GCR 1963, 117.2(1), contending that plaintiffs had failed to state a claim upon which relief could be granted. The trial court granted said motions and plaintiffs appeal as of right.

Plaintiffs first claim the trial court erred in granting summary judgments under GCR 1963, 117.2(1). We disagree.

On review of a motion for summary judgment based on GCR 1963, 117.2(1), this Court must accept as true all of the factual allegations of plaintiffs as well as any conclusions which can reasonably be drawn therefrom and determine whether plaintiffs' claim on the pleadings is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. Where immunity from suit is an issue, the complaint must plead facts in avoidance of immunity. *Armstrong v Ross Twp,* 82 Mich App 77, 82; 266 NW2d 674 (1978).

It is well settled that operation of a "public" mental health institution is a governmental function within the meaning of MCL 691.1407; MSA 3.996(107) to which the principle of governmental immunity from tort liability applies. *Perry v Kalamazoo State Hospital,* 404 Mich 205; 273 NW2d 421 (1978). *Siener v Michigan,* 117 Mich App 179; 323 NW2d 642 (1982), extends said immunity to juvenile mental health facilities such as Fairlane herein. The issue we must determine is whether the defendants herein, public employees of Fairlane Center, are similarly immune and, if so, if plaintiffs pled facts in avoidance thereof.

We believe the proper test to apply to determine

whether a public employee is cloaked with governmental immunity is the "scope of employment test". We decline to follow the ministerial-discretionary test. See *Cook v Bennett,* 94 Mich App 93; 288 NW2d 609 (1979); *Vargo v Svitchan,* 100 Mich App 809; 301 NW2d 1 (1980), *lv gtd* 411 Mich 1035 (1981); *Willis v Nienow,* 113 Mich App 30; 317 NW2d 273 (1982).

While this writer recognizes that, in his partial dissenting opinion in *Gaston v Becker,* 111 Mich App 692; 314 NW2d 728 (1981), he would hold the ministerial-discretionary test to be the proper test for determining said issue herein, he is convinced upon further examination of *Lockaby v Wayne County,* 406 Mich 65; 276 NW2d 1 (1979), and several decisions of this Court, that the more sound approach is to utilize the scope of employment test. See *Fuhrmann v Hattaway,* 109 Mich App 429; 311 NW2d 379 (1981); *Lewis v Beecher Schools,* 118 Mich App 105; 324 NW2d 779 (1982); *Shwary v Cranetrol Corp,* 119 Mich App 736; 326 NW2d 627 (1982). We agree with the reasoning in *Fuhrmann* where that Court stated:

"* * * The Center for Forensic Psychiatry therefore performs a governmental function in such instances.

"*Likewise, the personnel employed by the center are acting within the scope of a governmental function. As such, they are cloaked with governmental immunity. Galli v Kirkeby, 398 Mich 527, 543, 544; 248 NW2d 149 (1976); Lockaby v Wayne County, 406 Mich 65, 84; 276 NW2d 1 (1979)* (MOODY, J., *concurring in part, dissenting in part).* This is particularly true in the present case. A contrary holding would result in the center facing extreme difficulty in hiring qualified personnel to perform the center's statutorily appointed tasks and would vitiate the enabling statute by indirection. This we cannot condone." (Emphasis supplied.) *Fuhrmann, supra,* p 435.

Under the scope of employment test, to avoid the defense of governmental immunity plaintiffs must have pled that defendants' acts were *ultra vires* or outside the scope of their employment. We find plaintiffs failed to allege sufficient facts in avoidance of governmental immunity as to each of the defendants herein. The court properly granted defendants' motions for summary judgment.

Second, plaintiffs claim the trial court failed to consider the pleadings before it and improperly treated the motions as being under GCR 1963, 116, as a request for accelerated judgment. We find this argument to be without merit. As noted in *Fuhrmann, supra,* p 433, a motion for summary judgment pursuant to GCR 1963, 117.2(1) "challenges the legal sufficiency of the complaint and must be evaluated with reference to the context of the complaint alone". The trial court's reliance upon *Perry, supra,* and *Fuhrmann, supra,* clearly reveals the grounds the court relied upon.

Affirmed. No costs, a public question involved.