DINH v FOREST HILLS PUBLIC SCHOOLS

Docket No. 66486. Submitted April 8, 1983, at Detroit.—Decided September 28, 1983. Leave to appeal denied, 419 Mich —.

Ngoc Dinh was injured when struck by an automobile driven by Gail A. Lyonnais. At the time of the accident, Ngoc Dinh was allegedly walking west on the north edge of Ada Drive in Kent County enroute to his school bus stop which was located on the south side of Ada Drive. It was alleged that at the same time and in the vicinity of the accident were three eastbound school buses of the Forest Hills School District, the last of which was to pick up Ngoc Dinh. Thao Van Dinh, individually and as next friend of Ngoc Dinh and the minor siblings of Ngoc Dinh, and Hat Thi Nguyen, individually and as next friend of the minor siblings of Ngoc Dinh, brought a negligence action in Kent Circuit Court against Gail A. and Richard A. Lyonnais and Forest Hills Public Schools. As to the school district, plaintiffs alleged that: (1) the drivers of the school buses, all employees of the school district, were negligent in failing to pull off to the side of the road in order to allow more space for westbound vehicles to avoid hitting Ngoc Dinh and in failing to stop the buses and to turn on the flashing lights so as to stop traffic and eliminate the dangerous situation, and (2) the school district was negligent in failing to give Ngoc Dinh proper instruction relative to pedestrian safety. Plaintiffs settled with the Lyonnaises. Defendant school district moved for summary judgment on the basis of governmental immunity. George R. Cook, J., granted defendant school district's motion. Plaintiffs appeal. *Held:*

1. Plaintiffs' claims with respect to the negligent operation of

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 310, 311.

[1, 2] 61A Am Jur 2d, Pleading §§ 71 *et seq.,* 230 *et seq.*

[3] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 74, 125.

Tort liability of public schools and institutions of higher learning. 86 ALR2d 489.

Personal liability of public school officers, or teachers or other employees for negligence. 32 ALR2d 1163.

the school buses at the site of the accident are claims which come within the statutory motor vehicle exception to the statutory grant of governmental immunity. The trial court, accordingly, erred in granting summary judgment in favor of defendants on the basis of governmental immunity as to those claims relating to the negligent operation of the buses.

2. Summary judgment was properly granted on the basis of governmental immunity as to the claim that the school system was negligent in its safety instructions, since that claim does not fall within the operation of a motor vehicle exception to the general grant of governmental immunity to tort claims. The operation by a school system of a bus system is a governmental function for the purpose of immunity from tort liability except to the extent that the motor vehicle exception applies.

Affirmed in part, reversed in part.

1. GOVERNMENTAL IMMUNITY — PLEADING — SUMMARY JUDGMENT.

A plaintiff, in order to state a valid claim against a governmental agency, must plead facts in avoidance of governmental immunity showing that the governmental agency's activities come within a statutory exception or do not constitute the exercise or discharge of a governmental function; failure to plead such facts in avoidance of governmental immunity may result in the granting of a motion for summary judgment in favor of the governmental agency (GCR 1963, 117.2[1]).

2. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM — PLEADING.

A motion for summary judgment on the basis of the failure to state a claim on which relief can be granted tests the legal sufficiency of the complaint and is to be evaluated on the pleadings alone; the court must accept as true all factual allegations as well as any conclusions which may reasonably be drawn therefrom; unless the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify recovery, the motion for summary judgment should be denied (GCR 1963, 117.2[1]).

3. GOVERNMENTAL IMMUNITY — MOTOR VEHICLE EXCEPTION — SCHOOL BUSES.

An allegation that an injury to a pupil was proximately caused by the negligent acts of a school bus driver in the operation of the school bus is sufficient to bring the claim of negligent operation of the school bus within the statutory motor vehicle exception to the governmental immunity enjoyed by the school district which owned the school bus; however, an allegation

that the school system failed to give the pupil proper safety instructions is not an allegation relating to the negligent operation of a motor vehicle and thus such allegation does not come within the statutory motor vehicle exception to governmental immunity (MCL 691.1405; MSA 3.996[105]).

*Smolenski & Quinn* (by *Michael R. Smolenski),* for plaintiffs.

*Cholette, Perkins & Buchanan* (by *Robert J. Riley),* for defendant.

Before: WAHLS, P.J., and GRIBBS and M. WARSHAWSKY,* JJ.

PER CURIAM. Plaintiffs appeal as of right from the trial court's order granting summary judgment in favor of defendant Forest Hills Public Schools on the basis of governmental immunity. MCL 691.1407; MSA 3.996(107).

The complaint alleges that on the morning of March 5, 1980, Ngoc Dinh, at the time a ten-year-old Vietnamese boy who had been in the United States approximately two months, was walking in an excited and unpredictable manner westbound on the north side of Ada Drive in Kent County. The boy was enroute to his school bus stop located on the south side of Ada Drive. It is alleged that Ngoc Dinh was walking on or very near the edge of the road surface when he was struck and severely injured by a westbound automobile driven by Gail Lyonnais.[1] Count II of the complaint alleges that, at the time and in the vicinity of the accident, three Forest Hills School District buses were proceeding, in line, eastbound on Ada Drive. The last of the three buses was allegedly assigned

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The suit against defendant Gail A. Lyonnais and Richard A. Lyonnais was settled for the insurance policy limit of $100,000.

to pick up Ngoc Dinh. Count II alleges that the drivers of the school buses, all employees of defendant school district, were negligent in (1) failing to pull off to the side of the road in order to allow more space for approaching vehicles to avoid striking Ngoc Dinh, and (2) failing to stop their buses and turn on their alternating flashing lights in order to stop traffic and thereby eliminate a dangerous situation. The complaint also alleges that defendant school district was negligent in failing to provide proper safety instructions to Ngoc Dinh regarding highway safety, pedestrian safety, and procedures for crossing streets and boarding school buses. According to the complaint, the negligence of the bus drivers and the school district was a proximate cause of Ngoc Dinh's injuries.

Defendant school district's motion for summary judgment on the basis of governmental immunity was granted. Plaintiffs appeal.

In order to state a valid claim against a governmental agency such as a school district, the plaintiffs must plead facts in avoidance of governmental immunity. *McCann v Michigan,* 398 Mich 65, 77; 247 NW2d 521 (1976). This means that plaintiffs must plead either that the defendant's activity comes within one of the statutory exceptions to governmental immunity or that the activity did not constitute the exercise or discharge of a governmental function. *Grames v King,* 123 Mich App 573; 332 NW2d 615 (1983). Failure to plead facts in avoidance of immunity may result in the granting of a motion for summary judgment under GCR 1963, 117.2(1). See *Williamson v Jones,* 125 Mich App 433; 336 NW2d 489 (1983).

In the present case, defendant moved for summary judgment ·on the basis of the governmental immunity statute, but failed to state whether the

motion was brought under GCR 1963, 117.2(1) or 117.2(3). Although subrule 117.2(1) was not specifically cited in the trial court, the motion for summary judgment essentially alleged that plaintiffs had failed to state a claim upon which relief may be granted by pleading specific facts in avoidance of governmental immunity. We therefore treat the motion as having been brought under subrule 117.2(1).[2]

A motion under GCR 1963, 117.2(1) tests the legal sufficiency of the complaint and is to be evaluated on the pleadings alone. The court must accept as true all of the factual allegations in the complaint as well as any conclusions which can reasonably be drawn therefrom. Unless the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify recovery, the motion should be denied. *Williamson v Jones, supra; Romeo v Van Otterloo,* 117 Mich App 333; 323 NW2d 693 (1982). In the present case, plaintiffs' claim against the school district is barred by the governmental immunity statute unless plaintiffs have alleged facts which bring the claim within one of the statutory exceptions to the defense of governmental immunity. *Cobb v Fox,* 113 Mich App 249; 317 NW2d 583 (1982).

Plaintiffs rely on the motor vehicle exception to governmental immunity, which provides:

"Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the

---

[2] Treating the motion as one brought under GCR 1963, 117.2(1) does not prejudice plaintiffs. Plaintiffs argued in the trial court that the complaint alleged sufficient facts to come within an exception to governmental immunity. No additional arguments would have advanced plaintiffs' position had the motion specifically cited subrule 117.2(1).

governmental agency is owner, as defined in Act No. 300 of the Public Acts of 1949, as amended, being sections 257.1 to 257.923 of the Compiled Laws of 1948." MCL 691.1405; MSA 3.996(105).

In *McNees v Scholley,* 46 Mich App 702; 208 NW2d 643 (1973), a nine-year-old boy was injured when he was struck by an automobile while standing across the highway from a school bus stop, awaiting the arrival of his bus. A panel of this Court rejected the plaintiff's contention that the claim against the defendant school district fell within the statutory exception for bodily injury and property damage resulting from the negligent operation of a motor vehicle. The *McNees* Court found that, in order to be in operation, the vehicle must be in a state of being at work or in the active exercise of some specific function by performing work or producing effects at the time and place the injury is inflicted. *McNees, supra,* p 706. The Court stated:

"We are constrained to rule that under the facts in the instant case the school bus not being in a *'state of being at work * * * at the time and place of the injury is [was] inflicted',* the plaintiffs do not have a cause of action under the terms of the subject statute." *McNees, supra,* pp 706-707.

In *Cobb v Fox, supra,* the plaintiff's eight-year-old son was struck and killed by an automobile after being discharged from a school bus operated by the defendant school district. It was undisputed that the school bus did not strike the boy and that there were no school buses within two blocks of the accident. The plaintiff alleged that the school district negligently failed to provide an adequate and safe bus route and bus stops for the students. Relying on *McNees, supra,* the Court ruled that

plaintiff's complaint did not come within the motor vehicle exception:

"Under *McNees,* plaintiff's complaint does not satisfy the motor vehicle exception because the school bus was not present at the time and place of the accident.

"Moreover, while it has been held that the negligent operation of a motor vehicle may occur even though a vehicle is standing still, *Wells v Dep't of Corrections,* 79 Mich App 166; 261 NW2d 245 (1977), or where injury occurs because of improper loading, *Lockaby v Wayne County,* 406 Mich 65; 276 NW2d 1 (1979), injury must still be caused by the operation of the motor vehicle before the exception will be applicable. *Berger v City of Berkley,* 87 Mich App 361, 370-371; 275 NW2d 2 (1978), *Wells v Dep't of Corrections, supra.* In the instant case, since the accident occurred more than a block from the bus stop and after the bus had left the scene, the motor vehicle exception is not applicable." *Cobb v Fox, supra,* pp 260-261.

While we accept the standard established in *McNees* and *Cobb,* we find that those cases should be factually distinguished from the instant case. The complaint, paragraphs 19A and 19B, alleges that the school bus drivers were negligent in failing to recognize that Ngoc Dinh was potentially in peril, in failing to pull off the road and allow more area for approaching vehicles to maneuver around the child, and in failing to stop and turn on their overhead alternating lights in order to stop traffic and thereby eliminate the dangerous sitaution. Paragraph 21 alleges that the drivers' negligence was the proximate cause of Ngoc Dinh's injuries. In contrast to *McNees* and *Cobb,* the complaint in the present case sufficiently alleges that the school buses were in the immediate vicinity and in operation at the time of the accident. The allegations and reasonable inferences therefrom are sufficient

to bring the case within the motor vehicle exception. Summary judgment was improperly granted on paragraphs 19A and 19B.

Paragraph 20, however, alleges that the school district negligently failed to give Ngoc Dinh adequate safety instructions. Since paragraph 20 does not allege the negligent operation of a motor vehicle, the motor vehicle exception is inapplicable. Summary judgment in favor of the school district was properly granted as to the allegations in paragraph 20. *Cobb v Fox, supra.*

The judgment is affirmed in part, reversed in part, and the case is remanded for trial.