KNIGHT v LIMBERT

Docket No. 91979. Submitted February 3, 1988, at Detroit. Decided
  August 1, 1988.

  Edward Knight injured his hip in an automobile accident and
    was admitted to Pontiac General Hospital, where his injury
    was diagnosed and he was treated for a "posterior fracture-
    dislocated hip." The treating physician was Andrew B. Limbert,
    D.O., and the treatment required a closed hip reduction and leg
    traction. Two days after the accident, Mr. Knight was trans-
    ferred to Mt. Clemens General Hospital. He was transported by
    an ambulance owned and operated by Fleet Ambulance Corpo-
    ration. At Mt. Clemens General, Mr. Knight was diagnosed as
    having sciatic nerve palsy in addition to the hip injury. Mr.
    Knight exhibited no signs of sciatic nerve palsy prior to the
    transfer to Mt. Clemens General. Knight and his wife, Evelyn
    Knight, filed suit against Dr. Limbert, Pontiac General Hospi-
    tal, and Fleet Ambulance Service in Oakland Circuit Court
    alleging that the sciatic nerve palsy resulted from either treat-
    ment at Pontiac General or being transferred by Fleet. Mr.
    Knight stated that he experienced pain when an ambulance
    attendant put pressure on his leg during the transfer. Fleet
    moved for summary disposition claiming statutory immunity
    under the emergency medical services act because plaintiffs
    failed to allege gross negligence or wilful misconduct. The
    court, Fred M. Mester, J., ruled that the statute relied upon by
    Fleet did not apply to nonemergency situations such as the
    instant transfer and denied the motion for summary disposi-
    tion. Fleet appealed by leave granted.

    The Court of Appeals held:

    1. The statute at issue applies only to care rendered in
    emergency situations, and Fleet's actions in this case clearly

REFERENCES

Am Jur 2d, Hospitals and Asylums § 14 et seq.

Am Jur 2d, Statutes §§ 142 et seq.

Am Jur 2d, Summary Judgment §§ 26 et seq.

Liability for personal injury or property damage from operation of
  ambulance. 84 ALR2d 121.

Liability of operator of ambulance service for personal injuries to
  person being transported. 21 ALR2d 910.

constitutes nonemergency transportation of a nonemergency patient. Fleet is not immune from plaintiffs' ordinary negligence claim. The trial court did not err in denying Fleet's motion for summary disposition on the basis of statutory immunity on this issue.

2. The court also correctly denied Fleet's motion for summary disposition made on the basis that there was no genuine issue as to any material fact. Accepting all the allegations and inferences in plaintiffs' favor, it cannot be said that plaintiffs' claim against Fleet is so clearly unenforceable that as a matter of law no factual development could possibly justify recovery.

Affirmed.

1. NEGLIGENCE — STATUTORY IMMUNITY — AMBULANCE SERVICES.

The emergency medical services act does not grant to ambulance services statutory immunity from ordinary negligence claims in cases involving nonemergency transportation of nonemergency patients; the statute applies only to care rendered in emergency situations (MCL 333.20737; MSA 14.15[20737]).

2. STATUTES — JUDICIAL CONSTRUCTION.

The rules of statutory construction include: (1) the intent of the Legislature must be given effect when interpreting any statute; (2) words should be given their ordinary meanings; (3) as near as possible, the statute must be enforced as written if the language of the statute is clear and the Legislature intended the plainly expressed meaning; (4) a statute must be interpreted within the limits of its title; (5) while the title is not part of the statute, it may be used to limit the scope of the statute, but not expand it; and (6) if the body of the statute is ambiguous, a reviewing court may rely on the title to resolve the ambiguity.

3. MOTIONS AND ORDERS — SUMMARY DISPOSITION — ISSUES OF MATERIAL FACT.

A court in reviewing a motion for summary disposition in which it is alleged that there is no genuine issue of material fact accepts as true all of the nonmoving party's factual allegations as well as any conclusions which reasonably can be drawn therefrom; the moving party is entitled to judgment as a matter of law if the nonmoving party's claim is so unenforceable that no factual development can possibly justify a right to recovery (MCR 2.116[C][10]).

*Dennis R. Nettle, P.C.* (by *John E. Bechill, Jr.*), for plaintiffs.

*James S. Goulding, P.C.* (by *Joseph F. Lucas*), for defendant.

Before: WAHLS, P.J., and SULLIVAN and F. D. BALKWILL,* JJ.

F. D. BALKWILL, J. Defendant Fleet Ambulance Corporation appeals by leave granted from a circuit court order denying its motion for summary disposition. Fleet moved for summary disposition under MCR 2.116(C)(7) claiming that MCL 333.20737; MSA 14.15(20737) granted immunity from ordinary negligence to ambulance companies and their employees. Fleet also moved for summary disposition under MCR 2.116(C)(10) on the ground that plaintiffs failed to raise any facts to support a negligence claim. We affirm.

Plaintiff Edward Knight injured his hip in an automobile accident. Initially, he was admitted to Pontiac General Hospital and treated by defendant Dr. Limbert. Dr. Limbert diagnosed and treated Mr. Knight for a "posterior fracture—dislocated hip." The treatment required a closed hip reduction and leg traction.

Two days after the automobile accident, Pontiac transferred Mr. Knight to Mt. Clemens General Hospital at the request of Mr. Knight and his wife. Mr. Knight was transferred by an ambulance owned and staffed by Fleet. At Mt. Clemens, Mr. Knight was diagnosed as having sciatic nerve palsy in addition to the hip injury. Prior to the transfer, Mr. Knight exhibited no signs of sciatic nerve palsy.

Plaintiffs, McKnight and his wife, Evelyn Knight, alleged that the sciatic nerve palsy resulted from either treatment at Pontiac or being transferred by Fleet. Mr. Knight claims that he

---

* Circuit judge, sitting on the Court of Appeals by assignment.

experienced pain when an ambulance attendant put pressure on his leg during the transfer. He then either fell asleep or became unconscious and remembered nothing else until arrival at Mt. Clemens.

Fleet moved for summary disposition under MCR 2.116(C)(7) claiming statutory immunity because plaintiffs failed to allege gross negligence or wilful misconduct. MCL 333.20737; MSA 14.15(20737) states:

> When performing services consistent with the individual's training, acts or omissions of an ambulance attendant . . . do not impose liability on those individuals in the treatment of a patient when the service is performed outside a hospital. Such acts or omissions also do not impose liability on . . . the ambulance operation. . . . All persons named in this section . . . are protected from liability unless the act or omission was the result of gross negligence or wilful misconduct.

The trial court ruled that this particular statute did not apply to nonemergency situations such as the instant transfer. We agree with the trial court's ruling.

The emergency medical services act plainly defines Fleet's actions in the instant case as nonemergency transportation of a nonemergency patient. MCL 333.20705(3), (4); MSA 14.15(20705)(3), (4). Whether or not § 20737, which grants immunity, applies to emergency situations, nonemergency situations, or both is a case of first impression in this Court.

In interpreting any statute we must give effect to the intent of the Legislature. *Wymer v Holmes,* 429 Mich 66; 412 NW2d 213 (1987). Words should be given their ordinary meanings. As near as possible, the statute must be enforced as written if

the language of the statute is clear and the Legislature intended the plainly expressed meaning. *Bailey v DAIIE,* 143 Mich App 223, 225; 371 NW2d 917 (1985). Furthermore, a statute must be interpreted within the limits of its title. While the title is not part of the statute, it may be used to limit the scope of the statute, but not expand it. *Recorder's Court of Detroit v City of Detroit,* 134 Mich App 239; 351 NW2d 289 (1984). If the body of the statute is ambiguous, a reviewing court may rely on the title to resolve the ambiguity. *Id.*

Applying these rules of statutory construction, we find that MCL 333.20737; MSA 14.15(20737) applies only to care rendered in emergency situations. The legislative history indicates that the statute is situation oriented rather than profession oriented. The current statute is in Part 207 of the Public Health Code, added by 1981 PA 79, which is entitled "Emergency Medical Services", while its immediate predecessor, MCL 338.1925; MSA 14.528(455), was part of the Emergency Personnel Act, 1976 PA 290. This change of emphasis from emergency personnel to emergency services indicates that the Legislature intended to grant immunity in emergency care situations rather than to all duties of ambulance attendants. As the title "Emergency Medical Services" clearly indicates, the statute was intended to apply to emergency medical services, not nonemergency medical services.

We do not agree that legislative history shows a trend towards broadly granting immunity to ambulance operations except in instances of gross negligence or wilful misconduct. The current statute is indeed broader than its predecessor, MCL 338.1925; MSA 14.528(455), which was repealed in 1978. 1978 PA 368. The predecessor statute clearly indicated that limited immunity was granted only

if the life of the patient was in immediate danger. MCL 338.1925; MSA 14.528 (455). The current statute indicates no such limitation. However, while the current statute is more broadly worded, we infer no legislative trend towards broadly granting immunity. Notably, from September 30, 1978, when MCL 338.1925; MSA 14.528(455) was repealed, until July 1, 1981, when MCL 333.20737; MSA 14.15(20737) became effective, the Legislature granted no limited immunity to ambulance attendants.

Accordingly, MCL 333.20737; MSA 14.15(20737) does not apply to nonemergency situations such as that in the instant case. Thus, Fleet is not immune from plaintiffs' ordinary negligence claim. The trial court did not err in refusing to grant summary disposition under MCR 2.116(C)(7).

The trial court also did not err in refusing to grant summary disposition under MCR 2.116(C)(10). In reviewing a motion for summary disposition under MCR 2.116(C)(10), this Court accepts as true all of the nonmoving party's factual allegations as well as any conclusions which reasonably can be drawn therefrom. *Williamson v Jones,* 125 Mich App 433; 336 NW2d 489 (1983). The moving party is entitled to judgment as a matter of law if the nonmoving party's claim is so unenforceable that no factual development can possibly justify a right to recovery. *Williamson, supra.*

Fleet claims that plaintiffs failed to show a breach of duty of care and causation. However, plaintiffs did show a breach of duty of care by alleging that one of the ambulance attendants put pressure on Mr. Knight's leg, causing extreme pain. Further, plaintiffs allege causation through the legal theory of res ipsa loquitur. At Pontiac, Mr. Knight exhibited no signs of sciatic nerve

palsy. After transfer by Fleet, the Mt. Clemens treating physician diagnosed Mr. Knight's sciatic nerve palsy. Accepting these allegations and inferences in plaintiffs' favor, we cannot declare that plaintiffs' claim against Fleet is so clearly unenforceable that as a matter of law no factual development could possibly justify recovery.

Affirmed.