PROVIDENCE HOSPITAL v MORRELL

Docket No. 81443. Decided August 24, 1988. On application by the
    third-party defendant for leave to appeal, the Supreme Court,
    in lieu of granting leave, partially affirmed the judgment of the
    Court of Appeals insofar as it affirmed the district court's
    judgment in favor of the third-party plaintiff.

Providence Hospital brought an action in the 35th District Court
    against Russell A. Morrell, seeking payment of hospital mater-
    nity expenses incurred by his wife. Mr. Morrell filed a third-
    party complaint against United Fidelity Insurance Company,
    claiming that a health insurance policy was in force at the time
    Mrs. Morrell became pregnant. United Fidelity asserted that,
    at the time of the birth, the policy had been terminated. The
    court, James N. Garber, J., granted summary judgment for Mr.
    Morrell, finding that public policy limited the right of an
    insurer to cancel coverage for pregnancy. The Wayne Circuit
    Court, Helene N. White, J., affirmed. The Court of Appeals,
    GILLIS, P.J., and BEASLEY and SAWYER, JJ., affirmed in an
    opinion per curiam (Docket No. 88161). The insurer seeks leave
    to appeal.

    In an opinion per curiam, signed by Justices LEVIN, CAV-
ANAGH, BOYLE, and ARCHER, the Supreme Court *held:*

    A health insurer remains liable for expenses related to a
pregnancy which occurred while a health insurance policy was
in force, but which were incurred after the policy was termi-
nated. Although public policy considerations may override lan-
guage in a health insurance policy giving the insurer a right to
terminate coverage for pregnancy-related conditions where the
pregnancy occurs during the life of the policy, on the facts of
this case, it is inappropriate to expand the public policy to
apply to conditions other than pregnancy arising during the
life of a policy.

    Affirmed in part and reversed in part.

    Chief Justice RILEY and Justices BRICKLEY and GRIFFIN would
grant leave to appeal, and would not summarily dispose of the
case.

    160 Mich App 692; 408 NW2d 521 (1987) affirmed in part and
reversed in part.

*Edick, Esper & Runco* (by *Robert E. Edick*) for defendant Morrell.

*Jeanne Stempien* for third-party defendant United Fidelity Insurance Company.

PER CURIAM. The issue raised by this application for leave to appeal concerns the liability of a health insurance carrier for expenses incurred after the insurer terminates the policy, but resulting from a condition (in this case pregnancy) that arose during the life of the policy. The Court of Appeals held that, in that situation, the insurer remains liable for those expenses arising from that condition that would have been covered had the policy remained in effect. We modify the result reached by the Court of Appeals to limit its application to the particular context in which this case arose—expenses resulting from a pregnancy which began during the life of the policy.

I

In October, 1980, United Fidelity Insurance Company issued a group medical insurance policy to Morrell Builders, which Russell Morrell owned. Morrell and his wife, Norah, were insured under the policy.

In May, 1982, United Fidelity notified Morrell Builders that the policy coverage would terminate as of July 1, 1982. This notice was in accordance with the thirty-day notice requirement in the policy. There is no claim that the termination was based on the particular circumstances of the Morrells or Morrell Builders. Rather, the termination appears to have been part of a general course of action by United Fidelity to cease writing this kind of insurance.

At the time the policy was terminated, Norah

Morrell was pregnant. In September, 1982, she gave birth to a child at Providence Hospital. United Fidelity declined to pay the hospital expenses, relying on the previous termination of the policy. Russell Morrell also failed to pay the bill, and as a result Providence Hospital sued Morrell in district court. Morrell filed a third-party complaint against United Fidelity.

Both Morrell and United Fidelity moved for summary judgment. The district court granted summary judgment for the insured and ultimately entered a judgment in the amount of $2,329.05, plus interest. The circuit court affirmed. The Court of Appeals granted United Fidelity's application for leave to appeal, but ultimately affirmed in a per curiam opinion. 160 Mich App 697; 408 NW2d 521 (1987). United Fidelity has filed a delayed application for leave to appeal in this Court.[1]

II

This is not a case in which there is dispute about the interpretation of an insurance policy. Had it been in effect at the time Norah Morrell delivered her child, it would have provided coverage for the expenses incurred. Further, the insured does not contest United Fidelity's characterization of this policy as an "expenses incurred" policy, which bases coverage on the time when the expense is incurred, rather than on the time when the illness or condition giving rise to the expense occurred or arose.[2]

---

[1] The Health Insurance Association of America and Blue Cross and Blue Shield of Michigan have filed motions for leave to file briefs as amici curiae in support of the application.

[2] The policy expressly excludes expenses incurred after termination of the policy:

Similarly, the lower courts have not interpreted the policy language as providing coverage in the circumstances of this case. Rather, they have held that public policy limits the ability of the insurer to avoid liability for expenses arising from conditions that came about during the policy coverage.

The district court noted authority for a public policy limitation on the right to cancel insurance contracts. *Murphy v Seed-Roberts Agency, Inc,* 79 Mich App 1; 261 NW2d 198 (1977). It concluded that this was a circumstance in which coverage should remain in effect:

> [T]his was a situation, as I have said earlier, where the Defendant Third Party Plaintiff was already in a circumstance whereby but only the simple passage of time there would definitely have

---

INSURING CLAUSE

(1) If an Insured or a Covered Dependent, while a Covered Person under the Policy for these Major Medical Expense Benefits (called "this Insurance" hereinafter), incurs Covered Expense for the necessary medical care and treatment of injury or sickness, the Company will pay benefits at the Percentage Payable rate up to the Maximum Benefit for such Expense that is in excess of the Deductible.

\*   \*   \*

EXCLUSIONS

A charge is excluded from being a Covered Expense if, or to the extent that, it is not specifically included as such pursuant to the preceding subsections "COVERED EXPENSES" and "SPECIAL LIMITATIONS"; and, further, whether or not so included, a charge will in any case be excluded from being considered a Covered Expense if it is within any one of the following categories:

\*   \*   \*

(15) Any charges incurred prior to the date on which this Insurance becomes effective with respect to the Covered Person and *any charges incurred after this Insurance terminates* with respect to the Covered Person except to the extent, if any, that such charges are covered pursuant to the terms and provisions of the subsection "EXTENDED BENEFITS." [Emphasis added.]

The provisions for extended benefits under the policy relate to continuation of coverage after termination in cases of disability, which are inapplicable to this case.

been a claim under any set of circumstances. There was no change of circumstances, there was no unforeseen risk. Everything that was covered could have been and should have been and, in fact, was seen.

There was a period of time—and this is the Court's Opinion—there was a period of time during that contract where the insurance company could not and did not have the unfettered right to terminate. That period commencing after the Third Party Plaintiff could not have obtained any insurance after the pregnancy was known about and only after the mere passage of time. I think it was at that time that the claim arose.

While the insurance company could cancel that policy for other purposes, if the Morrells had been in an automobile accident, that would have been a different circumstance after the attempted termination.

But for the very limited purposes of coverage of the pregnancy, I think that the insurance company could not cancel and therefore I must grant summary judgment in favor of Third Party Plaintiff.

Following affirmance by the circuit court, the Court of Appeals granted leave to appeal, but ultimately affirmed. The Court distinguished *Auto-Owners Ins Co v Blue Cross & Blue Shield of Michigan,* 132 Mich App 800; 349 NW2d 238 (1984), on the ground that it involved a dispute between two insurers, rather than between the insurer and the insured.[3] It noted the authority for

_____

[3] In *Auto-Owners,* a woman who was injured in an automobile accident had coverage under both an Auto-Owners no-fault policy and a Blue Cross group health plan through her employer. Blue Cross paid medical expenses until the injured woman was dropped from the employer's health plan because she was unable to return to work. Auto-Owners then began making payments under the no-fault policy and brought the action against Blue Cross to recover those benefits. However, the Court of Appeals concluded that Blue Cross properly terminated coverage under the terms of its policy and was not liable

use of a public policy rationale for avoiding cancellation of an insurance policy, and then turned to the facts of this case.

While the policy language here was clear, the Court applied the public policy exception. Unlike the trial court, however, the Court of Appeals did not limit its holding to pregnancy-related expenses, but rather applied it to any condition existing at the time of cancellation:

> Although the termination provisions of the policy at issue, as well as the provision that only those expenses incurred during the life of the policy are covered, have a clear meaning and definition in the policy, we do not believe that the public policy of this state will permit the enforcement of such a termination or cancellation clause where the effect is to render a now uninsurable person without insurance coverage for those conditions which exist at the time of termination. In the case at bar, Norah Morrell was pregnant at the time of the termination of the United Fidelity policy. An insurance company cannot assume a risk when a person is apparently healthy and, thereafter, disavow the risk when the person has developed an illness or other coverable condition.
>
> Therefore, we hold that where, as here, an insured develops a condition during the life of a health insurance policy and that policy is subsequently cancelled or terminated by the carrier, the carrier remains liable for those expenses which arise from that condition where those expenses would be covered by the policy had it not been terminated. [160 Mich App 701-702.][4]

for expenses incurred after termination even though they arose from an injury that occurred while the policy was in effect.

[4] The Court made clear that it meant this ruling to apply only to disputes between the insured and the insurer. It left open the result it would reach in a case, like *Auto-Owners, supra,* where the action is between two insurance carriers.

III

We agree with the Court of Appeals that public policy considerations may override insurance policy language giving the insurer the right to terminate coverage. However, we conclude that the Court of Appeals expansion of that principle beyond the pregnancy context of this case to require coverage of all conditions arising during the life of the policy was unwarranted. Unlike most conditions requiring medical treatment, pregnancy often results from the deliberate decision of the insured. This brings into play the principle of giving effect to the reasonable expectations of the insured.[5] See, e.g., *Zurich Ins Co v Rombough,* 384 Mich 228, 232-233; 180 NW2d 775 (1970); *State Farm Mutual Automobile Ins Co v Ruuska,* 412 Mich 321; 314 NW2d 184 (1982).[6]

Further, the Court of Appeals expansion of the prohibition on terminations to all conditions occurring during the life of the policy creates the potential for enormous expansion of liability of an insurer for payment of very expensive long-term care benefits. By contrast, the limitation of the holding of this case to pregnancy-related expenses creates such an exposure for only a finite time and involves amounts of expenditures that should be predictable. In these circumstances, it was not appropriate to expand the principle on which the district court decided the case so far beyond the scope of the issue litigated by the parties.

[5] See *Brown v Blue Cross & Blue Shield, Inc,* 427 So 2d 139 (Miss, 1983).

[6] The reasonable expectation principle functions in a slightly different way in the present situation than in most cases. Usually, the question is the insured's expectation as to the interpretation of what is covered by the insurance contract. Here, the kind of benefits were clearly within the scope of the policy. The expectation with which we are concerned is the insured's belief as to whether the insurance will remain in effect in spite of the existence of the termination clause.

Accordingly, pursuant to MCR 7.302(F)(1), we affirm the judgment of the Court of Appeals insofar as it affirmed the district court's judgment in favor of third-party plaintiff Morrell, but disavow the language of the Court of Appeals opinion that would expand the principle of the district court's decision to conditions other than pregnancy arising during the life of the insurance policy.[7]

LEVIN, CAVANAGH, BOYLE, and ARCHER, JJ., concurred.

RILEY, C.J., and BRICKLEY and GRIFFIN, JJ. We would grant leave to appeal but would not dispose of this case summarily.

---

[7] We express no opinion as to the result in a case in which questions regarding application of the principle to other kinds of conditions are raised and litigated.