WOLFE v EMPLOYERS HEALTH INSURANCE COMPANY (ON REMAND)

Docket No. 137865. Submitted April 20, 1992, at Grand Rapids. Decided May 4, 1992, at 9:55 A.M. Leave to appeal denied, 441 Mich —.

Scott and Michelle Wolfe brought an action in the 61st District Court against Employers Health Insurance Company, seeking a declaration that the defendant was obligated to pay medical expenses incurred by Michelle Wolfe during pregnancy and childbirth. The defendant had covered the plaintiffs under a group health insurance policy while Scott Wolfe was employed, but had canceled coverage for the plaintiffs pursuant to the employer's instructions after his employment was terminated. The defendant offered, and the plaintiffs refused, continuing coverage under an individual policy at a higher premium. On motions for summary disposition by the parties, the court, James B. Howard, J., ruled in favor of the plaintiffs, determining that the defendant was bound by *Providence Hosp v Morrell,* 160 Mich App 697 (1987), aff'd 431 Mich 194 (1988), in which it was held that a health insurer remains liable for expenses related to a pregnancy that occurs while a health policy is in force. The Kent Circuit Court, Dennis B. Leiber, J., affirmed. The Court of Appeals denied leave to appeal. The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for consideration as on leave granted. 437 Mich 895 (1991).

On remand, the Court of Appeals *held:*

1. *Morrell* does not stand for the proposition that any termination of a health insurance policy covering a pregnant woman is automatically against public policy. Rather, the holding in *Morrell* is limited and applies only where the cancellation of the policy is initiated by the insurer and the pregnant woman is rendered uninsurable upon cancellation. That was not the case here where cancellation was at the employer's direction and conversion to an individual policy was offered.

2. The claim that the higher premium for individual coverage

REFERENCES

Am Jur 2d, Insurance §§ 380 *et seq.*

Liability insurer's unconditional right to cancel policy as affected by considerations of public policy. 40 ALR3d 1439.

violates public policy cannot be addressed in the absence of factual allegations that the higher rate had no reasonable relationship to the change in risk accompanying the individual policy.

3. Because the plaintiffs failed to state a claim upon which relief can be granted, the defendant is entitled to summary disposition.

Reversed.

INSURANCE — HEALTH — PREGNANCY AND CHILDBIRTH — CANCELLA-TION.

Public policy in Michigan prohibits a health insurer from initiat-ing the termination of a policy covering a pregnant woman and denying coverage for pregnancy-related expenses subsequently incurred where the woman would be rendered uninsurable upon cancellation; such public policy is not violated where termination of a group health policy is done at the direction of an employer upon an employee's discharge from employment and conversion to an individual policy is offered by the insurer and refused by the employee.

*DeGroot, Keller & Vincent* (by *Herbert R. Tan-ner, Jr.*), for the plaintiffs.

*Twohey Maggini* (by *Patrick M. Muldoon*), for the defendant.

### ON REMAND

Before: HOOD, P.J., and SHEPHERD and K N. SANBORN,* JJ.

SHEPHERD, J. Defendant appeals a December 18, 1989, order of the Kent Circuit Court affirming a March 28, 1989, order of the 61st District Court granting plaintiffs' motion for summary disposition pursuant to MCR 2.116(C)(10) and denying defen-dant's motion for summary disposition pursuant to MCR 2.116(C)(8) and (10). This Court initially de-nied defendant's application for leave to appeal in

* Former circuit judge, sitting on the Court of Appeals by assign-ment.

an order dated April 5, 1990 (Docket No. 124456). On January 29, 1991, the Supreme Court remanded the case to us for consideration as though leave to appeal had been granted. *Wolfe v Employers Health Ins Co,* 437 Mich 895 (1991). We reverse and grant summary disposition in favor of defendant.

Plaintiffs initially filed a complaint for declaratory relief in the district court, requesting the court to determine whether defendant was liable on its health insurance policy for expenses incurred in connection with Michelle Wolfe's pregnancy. On February 16, 1987, Michelle Wolfe was informed by her physician that she was pregnant. On May 1, 1987, her husband, Scott Wolfe, was terminated from his employment with B & B Screw Machine for lack of work. Subsequently, the former employer notified defendant to cancel plaintiffs' health insurance coverage effective April 30, 1987. Defendant acceded to this request. In June, defendant offered plaintiffs an individual conversion policy as required by the original insurance policy. Plaintiffs refused defendant's offer of a conversion policy, because they claimed that they could not afford the higher premiums. The plaintiff's child was born in September 1987. The total expenses of the childbirth were $4,305.75. Despite plaintiffs' repeated demands, defendant refused to pay the expenses.

A motion for summary disposition based upon a failure to state a claim upon which relief can be granted, MCR 2.116(C)(8), tests the legal sufficiency of a claim by the pleadings alone. *Parkhurst Homes, Inc v McLaughlin,* 187 Mich App 357, 360; 466 NW2d 404 (1991). The court must accept as true all well-pleaded allegations in support of the claim, as well as any reasonable inferences or

conclusions that can be drawn from the facts. *Ashley v Bronson,* 189 Mich App 498, 501; 473 NW2d 757 (1991). The motion should be granted only if the claim is so clearly unenforceable as a matter of law that no factual development could establish the claim and justify recovery. *Scameheorn v Bucks,* 167 Mich App 302, 306; 421 NW2d 918 (1988).

A motion for summary disposition under MCR 2.116(C)(10) may be granted when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." A motion for summary disposition based upon the lack of a genuine issue of material fact tests whether there is factual support for the claim. *Petaja v Guck,* 178 Mich App 577, 578; 444 NW2d 209 (1989). Giving the benefit of reasonable doubt to the nonmoving party, the court must determine whether a record might be developed that would leave open an issue upon which reasonable minds could differ. *Id.* The party opposing the motion has the burden of showing, by affidavits or other documentary evidence, that a genuine issue of disputed fact exists. *Mirza v Maccabees Life & Annuity Co,* 187 Mich App 76, 80; 466 NW2d 340 (1991).

Both parties rely upon *Providence Hosp v Morrell,* 431 Mich 194; 427 NW2d 531 (1988), a case in which an insurance company terminated coverage and left a pregnant woman uninsurable. There, United Fidelity Insurance Company issued a group health insurance policy to Morrell Builders, which was owned by Russell Morrell. Both Russell Morrell and his wife, Norah, were covered under the policy. In May 1982, United Fidelity notified Morrell Builders that the group policy would be cancelled on July 1, 1982. At the time of termination,

Norah Morrell was pregnant. She gave birth in September 1982 at Providence Hospital. Subsequently, United Fidelity refused to pay the hospital expenses, relying upon the previous cancellation of the policy. When Russell Morrell refused to pay, the hospital sued him, causing Russell Morrell to file a third-party suit against United Fidelity.

Both Morrell and United Fidelity moved for summary disposition in district court. The district court granted summary disposition in favor of Morrell, and the circuit court affirmed. After granting leave to appeal, this Court affirmed in an opinion per curiam, *Providence Hosp v Morrell,* 160 Mich App 697, 702; 408 NW2d 521 (1987), stating:

> Therefore, we hold that where, as here, an insured develops a condition during the life of a health insurance policy and that policy is subsequently cancelled or terminated by the carrier, the carrier remains liable for those expenses which arise from that condition where those expenses would be covered by the policy had it not been terminated.

The Supreme Court partially affirmed the judgment of this Court, agreeing with this Court that public policy may override an insurance policy provision allowing the insurer to terminate coverage. In *Morrell,* the Supreme Court held that, as a matter of public policy, the health insurer remains liable for pregnancy-related expenses that are incurred after the insurer terminated the policy if the pregnancy occurred while the policy was effective. The Supreme Court deemed it unwarranted to extend this principle to cases not involving pregnancy.

Plaintiffs argue that the public policy implicated

in *Morrell* applies to the present case. Plaintiffs assert that if a pregnancy occurs while a health insurance policy is in effect, public policy requires the insurance company to pay pregnancy-related expenses that ordinarily would have been covered had the insurance policy not been terminated. Plaintiffs contend that under *Morrell* it makes no difference who cancels the coverage because the public policy of the State of Michigan is to protect the family's decision to have a child and their reasonable expectations that their medical expenses would be covered. Moreover, plaintiffs maintain that their refusal to purchase an individual conversion policy does not alter the public policy implicated in *Morrell,* because there is no requirement that plaintiffs be rendered uninsurable upon the cancellation of the health insurance policy. Further, plaintiffs assert that the high cost of the conversion policy violated the public policy enunciated in *Morrell.*

We decline to extend *Morrell* to the facts of this case where the insurance policy covering Michelle Wolfe was cancelled pursuant to the instructions of her husband's employer. Contrary to plaintiffs' construal, the holding in *Morrell* does not stand for the proposition that any termination of an insurance policy covering a pregnant woman is automatically against public policy. Rather, the holding in *Morrell* is limited and applies only to the cancellation of a policy initiated by the insurance carrier.

In the present case, defendant cancelled coverage in response to the request by plaintiff's employer and then offered a conversion policy to plaintiffs, which they refused. Unlike the insurance carrier in *Morrell,* defendant did not initiate the termination of coverage. Moreover, given that plaintiff's employer ceased coverage for its termi-

nated employee and stopped paying premiums, defendant was only honoring its obligations under its contract with plaintiff's employer to terminate a policy. Thus, we hold that the public policy implicated in *Morrell* does not apply to the cancellation by plaintiff's employer. Because *Morrell* does not apply to a cancellation requested by the employer, the lower courts erred in finding that defendant was liable for plaintiffs' pregnancy-related expenses as a matter of public policy.

In addition, we believe that the lower courts erred in extending the public policy exception enunciated in *Morrell* to include a person who is not rendered uninsurable as a result of the termination of a medical insurance policy. Both this Court and the Supreme Court in *Morrell* were concerned that the termination of an insurance policy by the insurance carrier would render a pregnant woman uninsurable. *Morrell, supra,* p 199. Here, plaintiff Michelle Wolfe was not rendered uninsurable as the result of the termination of the health insurance policy, because, as plaintiffs conceded, defendant offered them an individual conversion policy to cover the anticipated pregnancy-related expenses. Given that plaintiffs refused defendant's conversion policy offer, Michelle Wolfe was not uninsurable at the time the insurance policy was cancelled. Therefore, the public policy exception in *Morrell* does not apply to them.

The lower courts also erred in finding that the allegedly high costs of the individual conversion policy violated the public policy implicated in *Morrell*. In this case, the cost of the conversion policy offered to plaintiffs was between $342 and $372 a month. Under the group insurance plan, plaintiff's employer had been paying $137 a month for this insurance coverage. Notwithstanding the fact that the individual conversion policy was

offered at a higher rate than that of the employer's group policy, we note that there was no factual or legal basis to justify the lower courts' determination that the higher cost of the conversion policy by itself violated the public policy invoked in *Morrell.* Had there been factual allegations coupled with expert opinion that the increased rates have no reasonable relationship to the change in risk that accompanies an individual, as opposed to a group, policy, we might have been faced with a different issue.

In view of the fact that defendant did not terminate the original insurance policy or refuse to offer a conversion policy, we must conclude that defendant has no liability to pay for the pregnancy-related expenses incurred by Michelle Wolfe. Accordingly, we reverse the grant of summary disposition in favor of plaintiffs pursuant to MCR 2.116(C)(10). Because plaintiffs failed to state a claim on which relief may be granted, we grant summary disposition for defendant pursuant to MCR 2.116(C)(8).

Reversed.