# STATE OF MICHIGAN

# COURT OF APPEALS

KALI PUNG,

Plaintiff-Appellant,

v

BLUE CROSS BLUE SHIELD,

Defendant-Appellee.

UNPUBLISHED
January 5, 2016

No. 327793
Gratiot Circuit Court
LC No. 14-011947-CK

Before: Saad, P.J., and Stephens and O'Brien, JJ.

Per Curiam.

Plaintiff appeals as of right the trial court's order granting summary disposition to defendant pursuant to MCR 2.116(C)(10). We affirm.

## I. BACKGROUND

In July 2006, as a result of a diving accident, plaintiff became a quadriplegic. At the time of the injury, plaintiff maintained health insurance with defendant through her employer. That coverage continued pursuant to the Consolidated Omnibus Budget Reconciliation Act (COBRA), 29 USC 1161 *et seq.*, and plaintiff thereafter obtained insurance with defendant through Dunmaglas, Inc., a golf course and banquet facility that she owned and that employed her. Private duty nursing care was covered by plaintiff's health insurance policies with defendant. In February 2014, defendant informed plaintiff that, as of January 1, 2014, private duty nursing care would no longer be covered, but "for members who were actively using these services when their 2013 plan ended on January 1, 2014, . . . separate coverage for these services [would be provided] through December 31, 2014."

In December 2014, plaintiff filed this lawsuit against defendant, seeking a temporary restraining order and permanent injunction to prevent defendant from discontinuing coverage for plaintiff's private duty nursing care. The court granted plaintiff's request for a temporary restraining order. The parties thereafter filed motions for summary disposition pursuant to MCR 2.116(C)(10). Defendant argued that summary disposition in its favor was appropriate because, pursuant to MCL 500.3712(2), it was permitted to discontinue providing coverage for private duty nursing care because it discontinued offering that product in the entire small group market. Plaintiff countered that summary disposition in her favor was appropriate because, pursuant to MCL 500.2213b(4), defendant was required to provide coverage for private duty nursing care because it continued offering that product in its large group market. She also argued that

-1-

summary disposition in her favor was appropriate under *Providence Hospital v Morrell*, 431 Mich 194; 427 NW2d 531 (1988), asserting that health insurance companies are prohibited from cancelling a benefit with respect to an individual who is already using it.

The trial court granted summary disposition to defendant pursuant to MCR 2.116(C)(10). Expressly noting that MCL 500.3712(2) and MCL 500.2213b(4) had to be read *in pari materia*, the trial court found MCL 500.3712(2) dispositive. It also found plaintiff's reliance on *Providence Hospital* misplaced because of the material factual differences between the two cases. Thus, it concluded, defendant was entitled to judgment as a matter of law.

## II. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005). Issues of statutory interpretation are also reviewed de novo. *Krohn v Home-Owners Ins Co*, 490 Mich 145, 155; 802 NW2d 281 (2011).

A motion for summary disposition under MCR 2.116(C)(10) is proper when "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." "A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *St. Clair Med, PC v Borgiel*, 270 Mich App 260, 263-264; 715 NW2d 914 (2006). "The moving party must specifically identify the matters that it believes have no disputed factual issues" and "support its position with affidavits, depositions, admissions, or other documentary evidence." *Id*. at 264. A motion for summary disposition "is properly granted if, viewing the evidence in a light most favorable to the nonmoving party, reasonable minds cannot differ." *Coates v Bastian Bros, Inc*, 276 Mich App 498, 502-503; 741 NW2d 539 (2007).

This case involves the interpretation of various provisions under the Insurance Code of 1956. MCL 500.100 *et seq*. "The primary goal of statutory interpretation is to 'ascertain the legislative intent that may reasonably be inferred from the statutory language.' " *Krohn*, 490 Mich at 156 (quotations omitted). In doing so, courts begin with the language of the statute itself. *Id*. "Unless statutorily defined, every word or phrase of a statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used." *Id*.

## III. ANALYSIS

Plaintiff asks this court to reverse the trial court because she contends that MCL 500.2213b(4) affords her the right to purchase any policy offered by defendant that includes private duty nurse care. We find that her rights are determined by MCL 500.3712(2), which provides as follows:

> A small employer carrier shall not discontinue offering a particular plan or product in the small employer group market unless the small employer carrier does all of the following:

(a) Provides notice to the commissioner and to each small employer provided coverage under the plan or product of the discontinuation at least 90 days before the date of the discontinuation.

(b) Offers to each small employer provided coverage under the plan or product the option to purchase any other plan or product currently being offered in the small employer group market by that small employer carrier without excluding or limiting coverage for a preexisting condition or providing a waiting period.

(c) Acts uniformly without regard to any health status factor of enrolled individuals or individuals who may become eligible for coverage in making the determination to discontinue coverage and in offering other plans or products.

Plaintiff asserts that MCL 500.2213b(4) controls the outcome of this case. MCL 500.2213b(4) provides as follows:

An insurer or health maintenance organization that offers an expense-incurred hospital, medical, or surgical policy under chapter 34 or 36 shall not discontinue offering a particular plan or product in the nongroup or group market unless the insurer or health maintenance organization does all of the following:

(a) Provides notice to the commissioner and to each covered individual or group, as applicable, provided coverage under the plan or product of the discontinuation at least 90 days before the date of the discontinuation.

(b) Offers to each individual or group, as applicable, provided coverage under the plan or product the option to purchase any other plan or product currently being offered in the nongroup market or group market, as applicable, by that insurer or health maintenance organization without excluding or limiting coverage for a preexisting condition or providing a waiting period.

(c) Acts uniformly without regard to any health status factor of enrolled individuals or individuals who may become eligible for coverage in making the determination to discontinue coverage and in offering other plans or products.

Multiple rules of statutory interpretation support our conclusion that MCL 500.3712(2), not MCL 500.2213b(4), controls the outcome of this case. First, MCL 500.3712(2) and MCL 500.2213b(4) are to be read in *pari materia* with one another, and where possible, to be interpreted to give full effect to each statute. See *Basic Prop Ins Ass'n v OFIR*, 288 Mich App 552, 559; 808 NW2d 456 (2010). MCL 500.2213b(4) gives guidance to an insurer as to its duty to make product decisions without consideration of pre-exiting conditions and uniformly MCL 500.3712(2) provides specific rules relating to small employer group markets. In reading a general statute in *para materia* with a specific one "specific provisions . . . prevail over any arguable inconsistency with the more general rule . . . ." *Jones v Enertel, Inc*, 467 Mich 266, 271; 650 NW2d 334 (2002). Thus, MCL 500.3712(2) controls and summary disposition was appropriate. Any other interpretation would render MCL 500.3712(2) meaningless. See *Robinson v City of Lansing*, 486 Mich 1, 17-18; 782 NW2d 171 (2010).

We also find unpersuasive plaintiff's argument that MCL 500.3712(2) only applies to an insurer's attempt to discontinue a plan or product in a specific geographic area because "the government website lists, as the title of MCL 500.3712, 'decision to discontinue plan in geographic area.' " A title is not part of the statute, and it cannot be used to expand the statute's scope. *Knight v Limbert*, 170 Mich App 410, 414; 427 NW2d 637 (1988). Unlike subsection (1), subsection (2) does not include any limitation regarding "a geographic area." This Court is not permitted to read such language into subsection (2). *Id*.; see also *Robinson*, 486 Mich at 15.

Finally, we agree with the trial court that *Providence Hospital v Morrell*, 160 Mich App 697, 701-702; 408 NW2d 521 (1987), does not afford this plaintiff any right to continue coverage for private duty nurse care. While this plaintiff's need for the care is unquestioned and the potential effect of withdrawal of the care is more serious than the situation in *Providence Hospital* where the insured's potential damage was monetary and minimal, we are constrained from extending the reasoning of *Providence Hospital* to this circumstance. In affirming *Providence Hospital* the Supreme Court stated that it "disavow[ed] the language of the Court of Appeals opinion that would expand the principle of the district court's decision to conditions other than pregnancy arising during the life of the insurance policy." *Providence Hospital*, 431 Mich at 201. It explained as follows:

> We agree with the Court of Appeals that public policy considerations may override insurance policy language giving the insurer the right to terminate coverage. However, we conclude that the Court of Appeals expansion of that principle beyond the pregnancy context of this case to require coverage of all conditions arising during the life of the policy was unwarranted. Unlike most conditions requiring medical treatment, pregnancy often results from the deliberate decision of the insured. This brings into play the principle of giving effect to the reasonable expectations of the insured. See, e.g., *Zurich Ins Co v Rombough*, 384 Mich 228, 232-233; 180 NW2d 775 (1970); *State Farm Mutual Automobile Ins Co v Ruuska*, 412 Mich 321; 314 NW2d 184 (1982).

> Further, the Court of Appeals expansion of the prohibition on terminations to all conditions occurring during the life of the policy creates the potential for enormous expansion of liability of an insurer for payment of very expensive long-term benefits. By contrast, the limitation of the holding of this case to pregnancy-related expenses creates such an exposure for only a finite time and involves amounts of expenditures that should be predictable. In these circumstances, it was not appropriate to expand the principle on which the district court decided the case so far beyond the scope of the issue litigated by the parties. *Id*. at 200.

Applying *Providence Hospital* to this case, we conclude that the trial court's decision was correct. First, it is apparent from the Supreme Court's opinion that its holding was limited to cases involving pregnancy. *Providence Hospital*, 431 Mich at 200-201. Moreover, the Supreme Court expressly relied on the fact that pregnancy-related expenses create "exposure for only a finite time and involve[] amounts of expenditures that should be predictable." 430 Mich at 200. The medical condition in this case, however, does not create exposure for a finite time nor involve amounts of expenditures that should be predictable. Plaintiff claims that the exposure is "clearly finite" because coverage is only necessary "so long as she lives." But, to be finite, the

time period must be "definite." *Merriam-Webster's Collegiate Dictionary* (2003). Stated differently, the time period must be "determinable in theory or in fact by counting, measurement, or thought." *Id*. The length of plaintiff's life is not definite or determinable. Pregnancy, on the other hand, generally lasts nine months. While there are certainly some variations, the variations in the length of a pregnancy are minor compared to those in the length of a life. The amounts of expenditures are equally unpredictable. The expenditures are entirely dependent upon the length of the medical condition, which, as stated above, is not a finite time period. Finally, as defendant notes, *Providence Hospital* was decided on the issue of cancellation prior to the enactment of the non-renewal statutes. This is a non-renewal case. Accordingly, the trial court correctly granted summary disposition to defendant pursuant to MCR 2.116(C)(10).

Affirmed.

/s/ Henry William Saad
/s/ Cynthia Diane Stephens
/s/ Colleen A. O'Brien

-5-